IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS QUINN and THERESA QUINN, individually and on behalf of a class of similarly situated persons, </br></br>Plaintiffs, </br>v. </br></br>SPECIALIZED LOAN SERVICING, LLC, </br></br>Defendant. | Case No. 16 C 2021 |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Thomas and Theresa Quinn ("the plaintiffs," "the Quinns") have brought this suit, individually and on behalf of a purported class, against Specialized Loan Servicing, LLC ("SLS") for violations of the Fair Debt Collection Practices Act ("FDCPA," "the Act"), 15 U.S.C. § 1692 *et seq*.[1] Presently before me is SLS's motion to bifurcate class and merits discovery. For the reasons below, the motion is denied.

I.

---

[1] The plaintiffs' amended complaint also asserted claims under the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1 *et seq*. I dismissed these claims in ruling on SLS's previous Rule 12(b)(6) motion. *See Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 WL 4264967, at *7 (N.D. Ill. Aug. 11, 2016).

Briefly stated, the plaintiffs' amended complaint alleges that after they defaulted on their mortgage loan, SLS began contacting them in an attempt to collect payment. Among other things, the plaintiffs claim that SLS sent "field inspectors" to their home for the ostensible purpose of determining whether the property was still inhabited. In several instances, inspectors visited the home while the plaintiffs were away and left a door hanger at the residence containing the following message: "AT THE REQUEST OF SPECIALIZED LOAN SERVICE, AN INDEPENDENT FIELD INSPECTOR CALLED ON YOU TODAY. PLEASE CONTACT SPECIALIZED LOAN SERVICING AT 1-800-306-6062." Am. Compl. ¶ 39. According to the plaintiffs, they called the number expecting to speak with a representative about home inspections and instead were connected to SLS's collections department.[2] The plaintiffs maintain that this constituted a violation of § 1692e of the Act, which prohibits the use of false, deceptive, or misleading representations in attempting to collect a debt. In addition, the plaintiffs separately claim that SLS violated § 1692c(a)(2) of the FDCPA by communicating with them directly despite its awareness that they were represented by counsel.

---

[2] Plaintiffs also assert that SLS violated § 1692d of the FDCPA by engaging in harassing, oppressive, or abusive conduct in attempting to collect a debt. Since this claim is not brought on a class-wide basis, I do not discuss it for purposes of this motion.

2

SLS denies that calling the phone number listed on the door hangers connected consumers directly to SLS's collections department. It claims to have evidence clearly showing that after dialing the number, the phone prompts gave callers the option of speaking with representatives regarding other issues. According to SLS, this defeats the plaintiffs' FDCPA claims because it refutes the plaintiffs' contention that the door hangers constituted communications made "in connection with the collection of any debt" as required by the statute. SLS also claims to have definitive evidence that it was expressly authorized by plaintiffs' counsel to communicate with plaintiffs directly, thereby defeating their § 1692c(a)(2) claim. SLS argues that if it is allowed to conduct limited discovery into these issues, it will be able to obtain summary judgment on plaintiffs' individual claims and make it unnecessary to engage in any further merits or class discovery.

## II.

Rule 23 provides that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(a). It is well settled that the issue of certification should generally be resolved prior to addressing the merits of the plaintiff's claims. *See, e.g.*, *Bell v. PNC Bank, Nat. Ass'n*, 800 F.3d 360, 376 (7th Cir. 2015)

("[T]he default rule is that a court may not resolve merits questions at the class certification stage."); *Thomas v. City of Peoria*, 580 F.3d 633, 635 (7th Cir. 2009) ("First ruling on the merits of the federal claims, and then denying class certification on the basis of that ruling, puts the cart before the horse, as we have emphasized in previous cases."); Joseph M. McLaughlin, *McLaughlin on Class Actions* § 3:12 (13th ed. 2016) ("It is axiomatic that at the class certification stage a court may not resolve substantial, disputed factual issues concerning the merits unless those issues also are relevant to a Rule 23 determination.").

To be sure, where merits and certification issues are inextricably linked, a preliminary inquiry into the merits may be necessary. In such cases, however, "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1194-95 (2013). Rather, "[m]erits questions may be considered to the extent -- but only to the extent -- that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id*. at 1195. (citations and quotation marks omitted); *see also Manual for Complex Litigation* § 21.14 ("At [the precertification] stage, the court should not decide or even attempt to predict the weight or outcome of the underlying claims and defenses....

A preliminary inquiry into the merits may be required to decide whether the claims and defenses can be presented and resolved on a class-wide basis.").

Here, SLS does not argue that its proposed merits discovery is necessary for addressing Rule 23's certification requirements. Rather, SLS contends that preliminary discovery on the merits of the plaintiffs' claims will make it unnecessary to inquire into certification issues at all. In support of its position that such precertification merits discovery is permissible, SLS relies on a handful of cases from the Northern District of Indiana in which magistrate judges have bifurcated merits and class discovery and have permitted merits discovery to proceed first. *See Brittingham v. Cerasimo, Inc.*, No. 2:08-CV-216TLSPRC, 2008 WL 5156645, at *1 (N.D. Ind. Dec. 8, 2008); *Stavroff v. Midland Credit Mgmt. Inc.*, No. 3:05-CV-127 AS, 2005 WL 6329149, at *1 (N.D. Ind. June 8, 2005); *Sheets v. Nat'l Action Fin. Servs.*, 2005 U.S. Dist. LEXIS 8439 (N.D. Ind. May 9, 2005).[3] These decisions opine that, in light of the 2003

---

[3] SLS also cites two decisions from the District of New Jersey in which a magistrate judge bifurcated merits and class discovery and allowed merits discovery to proceed first. *See Loreaux v. ACB Receivables Mgmt., Inc.*, No. CIV.A. 14-710 MAS, 2015 WL 5032052 (D.N.J. Aug. 25, 2015); *Physicians Healthsource, Inc. v. Janssen Pharm., Inc.*, No. CIV.A. 12-2132 FLW, 2014 WL 413534 (D.N.J. Feb. 4, 2014). I find these decisions unpersuasive for the same reasons as the Northern District of Indiana cases, which I discuss below.

5

amendments to Rule 23 -- which changed the language requiring the district court to decide the issue of certification "as soon as practicable" to the requirement that certification be decided "[a]t an early practicable time" -- it is no longer necessary to decide the issue of certification before addressing the merits. In reaching this conclusion, each of the decisions places significant weight on the comment in the Advisory Committee's notes accompanying the 2003 amendment that "[t]he party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified." Fed. R. Civ. P. 23(c)(1)(a) advisory committee's note.

I find the reasoning of these cases unpersuasive. As an initial matter, I disagree with these decisions' reading of the Advisory Committee's notes. In the passage quoted above, the Advisory Committee merely states that the certification decision may be delayed until after a defendant has filed a dispositive motion on the named plaintiff's claims. That is not what SLS seeks to do with the instant motion. (Indeed, SLS has already had the opportunity to file a Rule 12(b)(6) motion to dismiss. *See Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 WL 4264967, at *1 (N.D. Ill. Aug. 11, 2016)). Rather, SLS argues that it is entitled to engage in precertification discovery for the purpose of challenging the merits of the

6

plaintiffs' claims before the court addresses issues of class certification. Nothing in the Advisory Committee's notes supports such precertification discovery. On the contrary, the Advisory Committee's notes make clear that any initial merits discovery should be confined to issues bearing on certification:

> Although an evaluation of the probable outcome on the merits is not properly part of the certification decision, discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial. In this sense it is appropriate to conduct controlled discovery into the "merits," limited to those aspects relevant to making the certification decision on an informed basis.

Fed. R. Civ. P. 23(c)(1) advisory committee's note.

A deeper problem with the reasoning underlying the *Sheets* line of cases is that it has no limiting principle. Taken to its logical conclusion, the logic of these decisions suggests that courts should routinely allow precertification merits discovery, given the possibility that it might render certification issues moot. Supreme Court and Seventh Circuit cases decided after *Sheets*, *Stavroff*, and *Bettingham* make clear that the 2003 amendments to Rule 23 did not disturb the general rule that the merits are to be addressed only after the issue of certification has been addressed. *See, e.g.*, *Amgen*, 133 S. Ct. at 1194-95; *Bell*, 800 F.3d at 376; *Thomas*, 706 F.3d at 849.

Finally, even if the free-ranging precertification merits discovery it seeks were permissible, I am not convinced that bifurcation would contribute to a more efficient resolution of this suit. Among other things, bifurcating discovery may give rise to disputes over whether a particular discovery request relates to the merits or to class certification. *See, e.g.*, *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-CV-02219-JST, 2015 WL 273188, at *2 (N.D. Cal. Jan. 20, 2015) (denying motion to bifurcate class and merits discovery in part on the ground that "bifurcation could raise a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two").

III.

For the reasons above, SLS's motion to bifurcate is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: February 9, 2017