## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **THOMAS QUINN and THERESA QUINN**, individually and on behalf of a class similarly situated persons, | } } } } | 16 cv 2021 |
| | } | Judge Elaine E. Bucklo |
| Plaintiffs, | } | |
| v. | } | Magistrate Judge Jeffrey T. Gilbert |
| | } | |
| **SPECIALIZED LOAN SERVICING, LLC,** | } } | |
| | } | |
| Defendant. | | |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL INITIAL DISCLOSURES AND DISCOVERY RESPONSES

Defendant, Specialized Loan Servicing, LLC ("**SLS**"), respectfully submits this Memorandum in Support of Its Motion to Compel Initial Disclosures and Discovery Responses from Plaintiffs, Thomas and Theresa Quinn ("**Plaintiffs**"). As discussed below, despite several attempts by SLS to get Plaintiffs to serve Rule 26(a)(1) Initial Disclosures and to respond to SLS's written discovery requests, Plaintiffs have not served their Initial Disclosures and have not served any discovery responses or produced any responsive documents. The Court should therefore grant SLS's motion and order Plaintiffs to serve their Initial Disclosures and to completely respond to SLS's discovery requests. In addition, in accordance with Rule 37 of the Federal Rules of Civil Procedure, SLS requests that the Court award SLS its attorneys' fees incurred in connection with this motion.

### BACKGROUND

This case is a putative class action in which Plaintiffs assert claims under the Fair Debt Collection Practices Act ("**FDCPA**") in connection with Plaintiffs' mortgage loan that is

1

currently serviced by SLS. In particular, Plaintiffs allege that SLS sent "field inspectors" to Plaintiffs' home to determine whether the home was still occupied and the inspectors left a door hanger with a message to contact SLS. (*See* Rec. Doc. 7: Amended Class Action Complaint ("**Am. Compl.**") ¶¶ 32-42.) Plaintiffs allege that this door hanger constitutes a violation of § 1692e of the FDCPA, which prohibits the use of false, deceptive, or misleading representations in attempting to collect a debt. (*Id.* ¶¶ 63-79.) Plaintiffs separately claim that SLS violated § 1692c(a)(2) of the FDCPA by contacting Plaintiffs after SLS was supposedly notified that Plaintiffs were represented by counsel. (*Id.* ¶¶ 51-62.) Both of these claims are asserted on behalf of putative classes.

On May 5, 2017, the Court entered a Scheduling Order that required the parties to exchange Rule 26(a)(1) Initial Disclosures by May 15, 2017. (Rec. Doc. 89.) The Scheduling Order also set December 31, 2017 as the fact discovery deadline. (*Id.*) Shortly after the Scheduling Order was entered, SLS served its Initial Disclosures to Plaintiffs and also served its First Set of Interrogatories and First Set of Requests for Production of Documents (the "**Discovery Requests**") to each of the named Plaintiffs. (*See* Exh. A.) SLS's Discovery Requests comprise six interrogatories and eight document requests directed to each of the Plaintiffs. All of SLS's Discovery Requests directly pertain to Plaintiffs' claims under the FDCPA and the allegations in their Amended Complaint or otherwise pertain to Plaintiffs' attempt to serve as class representatives under Federal Rule 23. For example, SLS seeks information regarding any notices that Plaintiffs provided to SLS that they were represented by counsel with respect to the subject debt. (*Id.* at Interrogatory No. 6.) SLS also requests Plaintiffs to identify any persons who might have discoverable information, to identify any documents that it might introduce at trial, to explain their damages methodology, and to identify the neighbors

who supposedly witnessed the property inspections and who are specifically mentioned in Plaintiffs' Amended Complaint. (*Id.* at Interrogatory Nos. 1-3, 6) SLS's document requests seek similar information, namely any communications between Plaintiffs and SLS, communications between Plaintiff and the prior servicer (Bank of America), any notices that Plaintiffs were represented by counsel, any engagement letters or agreements with their counsel, and any notes or transcriptions of the telephone calls referenced in the Amended Complaint. (Id. at Document Requests 1 – 8.)

After the deadline to respond to SLS' Discovery Requests passed, on June 26, 2017, SLS's counsel followed up on the Discovery Requests to see when Plaintiffs would produce responses and when Plaintiffs would be available for deposition. (*See* Exh. B: June 26, 2017 email.) Plaintiffs did not respond to that follow-up inquiry. On July 6, 2017, SLS's counsel followed up again on Plaintiffs' past-due discovery response. (*See* Exh. C: July 6, 2017 email.) Again, Plaintiffs did not respond to that follow-up request. Several weeks later, on September 5, 2017, SLS's counsel sent Plaintiffs' counsel an email and letter requesting Plaintiffs to serve their Initial Disclosures and to serve responses to the Discovery Requests or otherwise propose a date and time for a discovery conference. (*See* Exh. D: September 5, 2017 email and letter.) Finally, on September 11, 2017, SLS's counsel left a voice message for Plaintiffs' counsel (Lloyd Brooks) and followed up on that voice message with another email, asking Plaintiffs to serve their Initial Disclosures and discovery responses by September 15, 2017. (*See* Exh. E: September 11, 2017 email.) Plaintiffs have yet to serve their Initial Disclosures or any responses to SLS's Discovery Requests, nor have Plaintiffs requested an extension of the time to serve responses.

## **ARGUMENT**

The Federal Rules of Civil Procedure provide that "on notice to other parties and all affected persons, a party may move for an ordering compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Rule 37 further provides that "if a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." *Id.* at 37(a)(3)(A). Similarly, a motion to compel can be filed if a party fails to answer an interrogatory under Rule 33 or fails to produce documents under Rule 34. *Id.* at 37(a)(3)(B). Finally, Rule 37(a)(5) states that if the motion to compel is granted of if the disclosure or requested discovery is provided after the motion is filed, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id.* at 37(a)(5) (emphasis added).

In this case, despite a desire to represent a class of consumers, Plaintiffs have not even bothered to provide basic discovery. The Court's Scheduling Order set a May 15, 2017 deadline for the parties to exchange Rule 26(a)(1) Initial Disclosures. Although four months have passed since that deadline expired, Plaintiffs have yet to serve their Initial Disclosures. This cannot be a mere oversight, as SLS's counsel has reminded Plaintiffs' counsel on multiple occasions of Plaintiffs' failure to serve those disclosures. (*See* Exhs. B – E.) The Court should therefore order Plaintiffs to serve their Initial Disclosures.

Similarly, the deadline for Plaintiffs to serve responses or objections to SLS's Discovery Requests expired on June 16, 2017. Plaintiffs have yet to serve any responses or objections or even ask for an extension, despite multiple attempts by SLS's counsel to get responses from Plaintiffs. (*See* Exh.s B – E.) Plaintiffs should thus be ordered to immediately produce the

responsive information and documents.

Finally, in the event that this motion is granted or the disclosures are provided by Plaintiffs after the filing of the motion, the Court should award SLS its reasonable expenses, including attorneys' fees, incurred in filing this motion. *See* Fed. R. Civ. P. 37(a)(5).

## CONCLUSION

For the foregoing reasons, SLS respectfully requests that the Court grant SLS's Motion to Compel and order Plaintiffs to serve their Rule 26(a)(1) Initial Disclosures and to serve written responses and produce responsive documents in response to SLS's Discovery Requests. SLS also requests that the Court award SLS its reasonable attorneys' fees and expenses incurred in filing this motion under Rule 37(a)(5).

Respectfully submitted,

/s/ Gabriel A. Crowson
Gabriel A. Crowson
(N.D. Ill. No. 28009; ARDC 6289290)
**McGLINCHEY STAFFORD, PLLC**
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2800
gcrowson@mcglinchey.com

- and -

James V. Noonan (#6200366)
**Noonan & Lieberman, Ltd.**
105 West Adams Street, Suite 1800
Chicago, Illinois 60603
Telephone: (312) 431-1453
jnoonan@noonanandliebermand.com

*Counsel for Defendant Specialized Loan Servicing, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record, via the

Court's CM/ECF system, this 18th day of September, 2017.


/s/ Gabriel A. Crowson
Gabriel A. Crowson