IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS QUINN and THERESA QUINN, individually and on behalf of a class of similarly situated persons, <br><br> Plaintiffs, <br> v. <br><br> SPECIALIZED LOAN SERVICING, LLC, <br><br> Defendant. | No. 16 CV 2021 |

Memorandum Opinion and Order

Plaintiffs bring this class action, alleging that defendant, a home loan servicer, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. On March 8, 2019, I certified Class A, which consists of Illinois, Indiana, and Wisconsin consumers who were represented by an attorney but nonetheless received home visits from defendant's field agents, and Class B, which consists of Illinois, Indiana, and Wisconsin consumers who received allegedly misleading door hangers from defendant's agents. The Seventh Circuit denied defendant permission to appeal that order. Defendant now seeks to sunder these certified classes and moves to dismiss, or in the alternative strike or reconsider certification of, the class claims of non-Illinois residents. It argues, under the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court*,

1

137 S. Ct. 1773, 1781 (2017), constitutional due process precludes me from exercising specific jurisdiction over it with respect to the claims of class members who are not resident in Illinois because those claims arise from defendant's conduct outside of Illinois, and defendant is not subject to general jurisdiction in this matter. Plaintiffs respond that defendant has waived its objections to personal jurisdiction and that *Bristol-Myers* requires no such conclusion. For the reasons that follow, I deny the motion.

Plaintiffs first argue that defendant has waived its objection to personal jurisdiction because it failed to make that challenge in its prior motion to dismiss pursuant to Rule 12(b)(6). Rule 12(h) and Rule 12(g) provide that a party waives an available defense based on lack of personal jurisdiction, "by omitting it from its first motion or by failing to *either* make it in a motion under Rule 12 *or* include it in the responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." *Hedeen Int'l, LLC v. Zing Toys, Inc.*, 811 F.3d 904, 906 (7th Cir. 2016) (emphasis in original); Fed. R. Civ. P. 12(h)(1). "The policy behind Rule 12(g) is to prevent piecemeal litigation in which a defendant moves to dismiss on one ground, loses, then files a second motion on another ground." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012). Defendant admits that it did not object to personal jurisdiction in its initial Rule

12 motion but argues that it preserved its personal jurisdiction defense in its answer and that defense was not available when it filed its initial Rule 12 motion.

Defendant's first argument can be disposed of quickly. The failure to raise an available objection to personal jurisdiction in a pre-answer Rule 12 motion waives that objection and cannot be cured by later asserting that defense in an answer. Fed. R. Civ. P. 12(h)(1); Fed. R. Civ. P. 12, Advisory Committee's Note of 1966 to amended Rule 12(h))); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1391 (3d ed. 2004); *e.g., Erie Indem. Co. v. Keurig, Inc.*, No. 1:10-CV-02899, 2011 WL 5361096, at *2 (N.D. Ohio Oct. 31, 2011). Defendant first raised its personal jurisdiction defense in its answer, after I ruled on its motion to dismiss pursuant to Rule 12(b)(6). Consequently, defendant waived that defense.

Defendant's second argument, that this defense was not available when it moved to dismiss because *Bristol-Myers* had not yet been decided, merits a closer analysis. Courts have articulated what is necessary for a defense to be not "available" in different ways. Generally, the omission of a defense from a prior motion does not result in the waiver of such defense when "a prior authoritative decision indicated that the defense was unavailable" and "the defense became available thereafter by way of supervening authority . . . ." *Bennett v.*

3

*City of Holyoke*, 362 F.3d 1, 7 (1st Cir. 2004); *see also In re Micron Tech., Inc.*, 875 F.3d 1091, 1097 (Fed. Cir. 2017) ("When a defense or objection is futile in the sense that the law bars the district court from adopting it to dismiss," it is not available for purposes of Rule 12 waiver); *Am. Fid. Assur. Co. v. Bank of New York Mellon*, 810 F.3d 1234, 1237 (10th Cir. 2016) ("By 'available' we mean the standard it relies upon would have been the same if it had relied on it earlier."). The issue then becomes: did *Bristol-Meyers* make available to defendant a defense that was previously barred or futile?

In *Bristol-Meyers*, a group of mostly out-of-state plaintiffs, consumers of the drug Plavix, brought a mass tort product liability action in California state court against Plavix manufacturer Bristol-Meyers Squibb. 137 S.Ct. at 1778. Bristol-Meyers Squibb was not subject to general jurisdiction in California. *Id*. In considering whether the California court could exercise specific jurisdiction over Bristol-Meyers Squibb for the non-California plaintiffs' claims, the Supreme Court held that "[t]he mere fact that *other* plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id*. at 1781 (emphasis in original). The Court reasoned that a "straightforward application" of

"settled principles of personal jurisdiction" mandated this conclusion, namely that the exercise of specific jurisdiction over a defendant requires "an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State." *Id.* at 1778, 1783 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

Courts are divided on whether defendant's personal jurisdiction defense was available before *Bristol-Myers* was decided. *Compare Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, 16 C 9281, 2018 WL 3474444, at *3 (N.D. Ill. July 19, 2018) (Leinenweber, J.) (*Bristol-Myers* was not an intervening change in controlling law that made available a new type of personal jurisdiction defense but rather, in the Supreme Court's words, represented a "straightforward application of settled principles[.]") *and Mussat v. Enclarity, Inc.*, 362 F. Supp. 3d 468, 474 (N.D. Ill. 2019) (Tharp, J.) (same) *with Mussat v. IQVIA Inc.*, 17 C 8841, 2018 WL 5311903, at *2 (N.D. Ill. Oct. 26, 2018) (Kendall, J.), *appeal approved*, No. 18-8024, ECF No. 10 (7th Cir. January 25, 2019) (class action defendant could not be expected to know personal jurisdiction defense was available until another district court applied *Bristol-Myers* to a class action bringing the same statutory claim). I agree with the courts that have determined *Bristol-Myers* did not unshackle a

5

previously-unavailable defense for class action defendants. The central thesis of defendant's argument is that personal jurisdiction cannot exist over nonresident class members where there is no connection or "affiliation between the forum and the underlying controversy." Dkt. No. 216, Br. at 1, 8, 9, 11. Two recent Supreme Court decisions predating this lawsuit pronounced this same standard: *Walden v. Fiore,* 571 U.S. 277, 284 (2014) ("For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State."); *Goodyear*, 564 U.S. at 919 ("Specific jurisdiction . . . depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State . . . .") (internal quotations and citations omitted). Defendant's personal jurisdiction argument may not have been articulated before *Bristol-Myers,* but its defense was available. *See Enclarity*, 362 F. Supp. 3d at 474 ("To be sure, *Bristol-Myers* has prompted defendants to assert specific personal jurisdiction defenses in new contexts. But that the defense is novel or creative does not necessarily mean that it was previously unavailable.")

Further, defendant has not provided, nor am I aware of, any controlling precedent that predates *Bristol-Myers* and would bar defendant's personal jurisdiction defense. *See Promologics,* 2018

6

WL 3474444, at *3 (noting the court was unaware of "pre-*Bristol-Myers*, Seventh-Circuit authority that would have rendered futile a challenge to personal jurisdiction as to the non-resident, proposed class members."); *Enclarity*, 362 F. Supp. 3d at 474 (same).

Defendant alternatively argues, should I decline to dismiss non-Illinois class members, that I should strike the claims of those members pursuant to Fed. R. Civ. P. 12(f) because such claims "fail as a matter of law" and doing so would expedite the case. Dkt. No. 232, Reply Br. at 5-6. Defendant's first argument fails for the same reasons as its motion to dismiss. The only legal ground defendant identifies is my alleged lack of personal jurisdiction over it for nonresident class members' claims. Nor can defendant use a motion to strike to circumvent Rule 12's waiver provisions. *See Express Companies, Inc. v. Lifeguard Med. Sols., LLC*, 10CV178-WQH-WMC, 2010 WL 11508847, at *4 (S.D. Cal. Sept. 1, 2010) (defendant waived its right to move to strike improperly plead requests for punitive damages and attorney's fees because it failed to raise that objection in a prior motion to dismiss). Defendant's second argument is likewise unconvincing. Any efficiency gained in this case by severing Indiana and Wisconsin consumers from Class A and Class B would likely be a net loss to the federal judiciary as it could generate nearly-identical actions in those forums.

Likewise, defendant provides no convincing reason to reconsider my class certification under Rule 54(b). Generally, under the law of the case doctrine, I should not reopen decided issues in a case unless "there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *but see Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995) (the law of the case doctrine is "no more than a presumption, one whose strength varies with the circumstances . . . ."). There has been no intervening change in the law. *Bristol-Myers* stood for a year and a half before I ruled on class certification. Moreover, a motion to reconsider is not an opportunity to present arguments that could have been raised previously. *Baker v. Lindgren*, 856 F.3d 498, 503 (7th Cir. 2017) ("[A]rguments raised for the first time in a motion to reconsider are waived."). Accordingly, defendant has waived its personal jurisdiction defense.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: October 17, 2019